IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IMC CONSTRUCTION, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 18-949 |
| | : | |
| TROY EMIDY, et al | : | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff IMC Construction, Inc. ("IMC") has sued Troy Emidy, Streamline Commercial Development, LLC, Streamline Solutions, LLC, and Streamline Group, LLC. ("Emidy" and collectively "Streamline."[1]) IMC asserts that Emidy, a management level employee, who left IMC in June 2017 and came to work for Streamline, violated the nondisclosure and nonsolicitation agreement he had with IMC.

Presently before the Court by Order of Reference from Judge Goldberg is "Plaintiff's Motion for Expedited Discovery Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv)." (Doc.22) In its proposed order IMC asks the Court to order the Defendants to provide responsive documents to his first request for production of documents both as to Streamline and to Emidy; and to produce responses to Plaintiff's first set of interrogatories to both Streamline and Emidy; and to have all written discovery verified by an independent computer forensics investigator. Plaintiff has provided a certification that it has made a good faith effort pursuant to Fed. R. Civ. P. 37(a)(1) and EDPA Local Rule 26.1(f) to resolve this discovery dispute. Emidy and Streamline through counsel filed a Response to this Motion (Doc. 23) on April 18, 2018. Judge Goldberg then referred the matter to me (Doc. 26) and on that same day, April 20, 2018, I held a Status

---

[1] We may refer to Streamline Commercial Development, LLC as a separate entity but otherwise we will refer to the three Streamline Defendants by the "Streamline" reference.

Conference with counsel to familiarize myself with the particulars of the case. In response to that discussion I entered an Order granting permission to IMC file a Reply (Doc.28) to Streamline's Response and scheduled a further Status Conference for April 27, 2018 where counsel were given the opportunity to further argue their positions.

The Court is now reviewed the materials submitted and will **GRANT** Plaintiff's request in substantial part, but will deny, subject to reconsideration if deemed necessary, Plaintiff's request for the appointment of an independent expert to conduct a forensic investigation of Streamline's work computers.

Specifically and as to the particular Responses and Answers, it is hereby **ORDERED** that IMC's Motion as to:

1. Streamline Defendants' Responses to IMC's Request for Production No. 1 is **DENIED** without prejudice to IMC to renew, depending upon its review of Streamline and Emidy responses to other requests and interrogatory answers.

2. Streamline Defendants' Responses to IMC's Request for Production No. 2 is **DENIED** given Streamlines' Response as "None," but Streamline is ordered to subject this request to further search given the indication that some documents already produced by Streamline provide some basis of support for the fact that there are documents which could be constructed to support the allegations Plaintiff has made in its Complaint or could be construed to accommodate Emidy's contention he was making collaborative efforts which have been misunderstood by Plaintiff as anti-competitive. (See Ex. A, B, C to Victor letter of March 30. 2018 (Doc. 23-2) and Exhibits H, I, J, and K to complaint.)  It is also noted that Plaintiff's Motion is supported by a Declaration from its CEO directly contrary of the Declaration of Mr. Emidy with respect to the question of collaboration or any joint marketing or business opportunity explorations that Mr. Emidy may have been engaging in.

3. Streamline Defendants' Responses to IMC's Request for Production No. 3 is **GRANTED,** but only from the dates of July 1, 2016 to December 31, 2017 and with the protection of a confidentiality agreement to limit the use strictly to this litigation.

4. Streamline Defendants' Responses to IMC's Request for Production No. 4 is **GRANTED.**

5. Streamline Defendants' Responses to IMC's Request for Production No. 5 is **GRANTED.**

6. Streamline Defendants' Responses to IMC's Request for Production No. 6 is **GRANTED.**

7. Steamline Defendants' Answers to IMC's Interrogatory No. 1 is **DENIED** to the extent that Streamline referred only to documents "that are being produced by Troy Emidy." These documents **MUST** be produced within 7 days from the date of this Order.

8. Steamline Defendants' Answers to IMC's Interrogatory No. 2 is **DENIED** without prejudice to IMC to renew depending upon its review of Streamline Responses to other requests and interrogatory answers.

9. Steamline Defendants' Answers to IMC's Interrogatory No. 3 is **DENIED.** The fact that IMC may find the "None" Response incredible does not constitute a basis to require supplementation. It is up to Streamline to supplement if it thinks supplementation is necessary.

10. Defendant Emidy's Responses to IMC's Request for Production No. 2 is **GRANTED** given that Streamline's Response is "None," with qualification. Streamline is hereby ORDERED to produce the "other attached documents" if not already produced within 7 days of the date of this Order. Streamline is further ORDERED to subject this request to further

search given the indication that some documents already produced by Streamline fit within the scope of this Response.   (See Ex. A, B, C to Victor letter of March 30. 2018 (Doc. 23-2) and Exhibits H, I, J, and K to complaint.)

11. Defendant Emidy's Responses to IMC's Request for Production No. 3 is **GRANTED** to the extent any have been referred to but not produced, **MUST** be produced within 7 days from the date of this order.

12. Defendant Emidy's Responses to IMC's Request for Production No. 4 is **GRANTED.** Streamline's Response is not complete and fails to state whether he searched for documents called for in this response.   Emidy **MUST** supplement its response and produce documents identified within 7 days from the date of this Order.

13. Defendant Emidy's Answers to IMC's Interrogatory No. 2 is **DENIED** without prejudice to IMC to renew depending upon its review of Streamline and Emidy Responses to other requests and interrogatory answers.

14. Defendant Emidy's Answers to IMC's Interrogatory No. 4 is **DENIED.** The fact that IMC may find the Response incredible does not constitute a basis to require supplementation.   It is up to Streamline to supplement if it thinks supplementation is necessary.

To the extent this Order has called for requests to be granted; documents to be produced; and interrogatory answers to be supplemented all such actions **MUST** be completed within 7 days of the date of this order.

**IT IS SO ORDERED.**

BY THE COURT:

Date: May 15, 2018                             _/s/ David R. Strawbridge, USMJ
                                                David R. Strawbridge
                                                United States Magistrate Judge