IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IMC CONSTRUCTION, INC.,  :
        Plaintiff,  :
                                               :    CIVIL ACTION NO. 18-949
      v.  :
TROY EMIDY, *et al.*,  :
        Defendants.  :

**MEMORANDUM RE: ATTORNEY FEES AND COSTS**

DAVID R. STRAWBRIDGE                                                          February 6, 2019
UNITED STATES MAGISTRATE JUDGE

**I.    INTRODUCTION**

      Presently before the Court is "Plaintiff IMC Construction, Inc.'s ("IMC" or "Plaintiff") Submission for Attorneys' Fees and Costs in Connection with IMC's Motion to Enforce the Court's May 15, 2018 Order Granting Plaintiff's Motion to Compel Discovery" ("Submission") (Doc. 63), Streamline Defendants' and Troy Emidy's ("Defendants") "Defendants' Opposition to Plaintiff's Application for Attorney's Fees" ("Opposition") (Doc. 65), "Plaintiff's Motion for Leave to File a Reply Memorandum of Law in Support of IMC's Submission for Attorney's Fees and Cost in Connection with the Motion to Enforce the May 15, 2018 Order" ("Reply") (Doc. 67), and "Defendants' Opposition to Plaintiff's Motion for Leave to File a Reply" ("Opposition Reply") (Doc. 68).[1]

      Plaintiff's Submission arises from our November 21, 2018 "Explanation and Order" where we determined that IMC was entitled to counsel fees given Defendants' failure to comply

---

[1] By reference to "Streamline Defendants" we mean named Defendants Streamline Commercial Development, LLC, Streamline Solutions, LLC, and Streamline Group, LLC.

1

with our May 15, 2018 discovery order. (Doc. 37) By its Submission, IMC seeks $19,413.00 in counsel fees and costs billed by its counsel Morgan, Lewis & Bockius LLP ("Morgan"). Defendants oppose the Submission for its: (1) failure to establish the reasonableness of attorney rates; (2) failure to properly delegate tasks in a cost-efficient manner and; (3) billing of excessive hours. (Doc. 65) As we have already determined that IMC is entitled to counsel fees, we consider the Submission before us with the Streamline opposition and the rational it provides for the substantial reduction in fees it seeks.[2] For the reasons set out below, we grant IMC's Fee Submission but for a reduced figure of $12,843.00 for the fees and costs it incurred.

## II. BACKGROUND

Following Streamline's failure to comply with our order of May 15, 2018, we granted Plaintiff's subsequent June 19, 2018 Motion to Enforce. Our November 21, 2018 "Explanation and Order" (Doc. 60) supplied the reasoning and the ultimate conclusion that Emidy and the Streamline Defendants had failed to properly produce clearly discoverable information to Plaintiff in a timely manner and ordered Defendants to pay "attorney's fees and costs (excluding the cost of the ESI consultant who will be paid by IMC) incurred in bringing the present motion for violating the Court's May 15, 2018 Order compelling discovery responses." (Doc. 60) The matter is now fully briefed and ripe for resolution.

## III. DISCUSSION

IMC seek an award for fees and costs of $19,413.00 that it says "IMC incurred in connection with the motion." (Doc. 63) Defendants strenuously object and raise three points challenging the extent of the award sought. They assert that Morgan 1) failed to establish the reasonableness of attorneys' rates; (2) failed to properly delegate tasks in a cost-efficient manner;

---

[2] In its Opposition, Defendants referred to "the appropriate work required in the filing of the motion, . defendants estimate to be below $3,000." (Doc. 65, p.3).

2

and (3) billed excessively for the work performed. Upon considering Defendants' arguments and the papers before us, we find some merit in Defendant's opposition and reduce the extent of the fee award to $12,565.00 and accept $278.00 reimbursable in costs. We discuss each of the three issues raised in the order in which they have been presented.

### A. Morgan Failed to Establish the Reasonableness of Attorneys' Rates.

In determining a reasonable hourly rate, the Court assesses: (1) the skill and experience of the prevailing attorneys and (2) compare their rates to the rates in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). In its Opposition, Defendants challenge the reasonableness of the rates asserting shortcomings in both Morgan's failure to provide its specific qualifications in employment law and its failure to provide the Court with prevailing market rates. We address Defendants' two-part reasonable rate argument beginning first with Morgan's qualifications and then its billing rates.

#### 1. Morgan Failed to Provide Its Specific Qualifications.

Defendants assert that IMC's supporting Declaration of Justin Victor, the primary handling lawyer, fails to establish the reasonableness of those three attorneys' rates in that Morgan provided inadequate biographical information concerning counsel's experience in the field of employment law. We accept that Streamline makes a fair point in that Mr. Victor provided only minimal reference to his own qualifications. While we seriously doubt that Streamline's lawyers really question the adequacy of the background of the Morgan lawyers, Mr. Victor corrected his oversight in laying out specifics in his reply memorandum – which we allowed. Those particulars satisfy this requirement.

3

We also observe that Streamline's counsel, as an experienced litigation practitioner in our Court would not likely be surprised that Morgan's rates were on the high end of the scale. While counsel also knew or should have known that IMC would be free to seek Court intervention to resolve this dispute and that a fee petition would likely follow, we nonetheless agree with Streamline that the rates are somewhat excessive given the task performed. We will subject them to a modest reduction.

We further note that the Court has had significant contact with the Morgan Labor and Employment group from its 14 years as a U.S. Magistrate Judge and 27 years as a litigator with a major Philadelphia law firm. We comfortably take judicial notice that the range of billing rates are facts well known to the Court and "generally known within the trial court's *territorial jurisdiction*." Fed. R. Evid. 201(b)(1)-(2)(emphasis added).

2. Morgan Failed To Provide Prevailing Market Rates.

In support of its position, Defendants cite two cases with the shared proposition that "[g]enerally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community." Rode v. Dellarciprete, 892 F. 2d 1117, 1183 (3d Cir. 1990) (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)).

Defendants correctly point out that Morgan did not provide support, by way of prevailing market rates, for its Submission. A failure to provide this type of information, however, does not render the Submission deficient where the Court is able to take judicial notice of prevailing market rates. See, e.g., Austin v. Pennsylvania Dep't of Corr., 876 F. Supp. 1437, 1470 n.22 (E.D. Pa. 1995) ("the Court taking judicial notice of prevailing market rates in the Philadelphia area based on its experience as a litigator for 30 years before appointment to the bench and its experience with § 1988 requests in previous cases."). In our capacity as adjudicator, the Court

4

benefits from its fourteen years as a U.S. Magistrate Judge and twenty seven years prior to that as a litigator in a major Philadelphia law firm to take judicial notice of prevailing market rates as what is generally known within the trial court's territorial jurisdiction. Fed. R. Evid. 201(b)(1) and (2) (emphasis added). In so doing we observe that the Morgan rates are in the high end of prevailing rates. Taking the Morgan attorney experience into consideration and the tasks being undertaken, it is our determination that a reduction in the context of this dispute is appropriate. We set out our specific determinations within.

B. Morgan Failed to Delegate Tasks in a Cost-Efficient Manner.

Defendants' second argument for reducing Morgan's fees comes from its contention that many of the tasks performed by Mr. Victor could have been done by an attorney at a lower billing rate. For example, Defendants suggest generally that the "matter was not factually or legally complex..." highlighting specifically "[a]t most, the motion to enforce simply compared what documents had been produced by Defendants with what documents Plaintiff believed to exist..." (Doc. 65) In support, Defendants cite to the language of Halderman stating "when a lawyer spends time on tasks that are easily delegable to non-professional assistance, legal service rates are not applicable." Halderman v. Pennhurst State Sch. & Hosp., 49 F.3d 939, 942 (3d Cir. 1995).

We are unwilling to accept Defendants' characterization of the work performed by Morgan, as "comparing documents" was only one part of Morgan's preparation for the Motion. (Doc. 65) The totality of the preparation, which necessarily included both a 13-page and 30-page deficiency letter, sets out the proof of Defendants' lack of compliance. Those deficiency letters, coupled with Morgan's overall presentation, were critical to our ultimate determination to grant the Motion to Enforce. We accept that Morgan's preparation of its Motion was based upon

setting out measures that were reasonably taken to overcome the obstacles put forth by Defendants' persistent non-compliance.

While we are not persuaded by Defendants' argument, we nonetheless agree after reviewing Morgan's time log that some tasks, but not all, could have been done by an individual at a lower billing rate or in less time.

C. Morgan Billed Excessively for the Work Performed.

Finally, Defendants challenge the hours spent by Morgan claiming "the hours expended here by plaintiff's counsel are plainly excessive." (Doc. 64) For example, Defendants point to the drafting of two letters, the May 30, 2018 13-page deficiency letter and the June 12, 2018 30-page reply to Defendants' response by Mr. Victor. We disagree with Streamline's challenge to the time spent on this work as the understanding of this question was critical to our granting of the Motion and was rendered necessary by the persistent non-compliance of the Defendants.

Turning to Defendants' second example, which appears to concern a response to a June 5, 2018 letter from counsel for Defendants where it threatened sanctions under 28 U.S.C. § 1927 and the Pennsylvania Dragonetti Act for "continued assertion of demonstrably untrue and false statements," was a situation of Defendants' own making. (Doc. 44-5) While we doubt that Defendants really intended this threat to be genuine, it is understandable that Mr. Victor took the threat at face value and reasonably sought advice from Mr. Walsh on how to navigate the situation.

Nonetheless, we find it appropriate to strike the time for this action. Our reasoning lies not in the amount of time spent on reviewing the letter as Defendants suggest, but rather the fact that Mr. Victor's concern over a threatened Dragonetti action could well have been for seeking advice in getting ahead of this dispute and not for the preparation of the Motion to Compel.

6

Between the three attorneys - Mr. Victor, Mr. Taylor, and Mr. Walsh – the total number of hours submitted in preparation for the Motion is 40.7 with costs of $754.00. While we disagree with Defendants' $3,000.00 estimation of what Defendants think Morgan should have billed, we do agree that the number of hours billed in preparing the Motion is excessive and that the rates sought for the tasks involved in this particular dispute should be adjusted.

D. Award to be Made

For the reasons stated we have determined that Morgan's Submission shall be granted in the amount of $12,565.00. After reviewing all the documents and taking into account the relative merits of Defendants' challenges, the Court finds that a reduction in Morgan's fee is appropriate. This change comes through reducing the billing rates of Mr. Victor and Mr. Taylor, reducing the number of hours billed for certain tasks, and eliminating some billed tasks entirely.

First, we find it appropriate after taking notice of the prevailing market rates to reduce Mr. Victor and Mr. Taylor's billing rates from $475.00 and $370.00 to $450.00 and $350.00, respectively. We would also reduce Mr. Walsh's billable rate but for our determination that the tasks Mr. Walsh worked on should be eliminated altogether, given our belief that the understandable caution Morgan would have had for a partner level time keeper is not properly chargeable to Streamline.

Second, after reviewing Morgan's time log with respect to the tasks completed, the Court finds that a reduction in hours is proper. We reduce the entry for Mr. Taylor on May 23, 2018 from 1.70 to 1.30 hours; entry for Mr. Taylor on May 29, 2018 from 2.40 to 2.00 hours; the entry for Mr. Victor on May 29, 2018 from 3.80 to 3.50 hours; the entry for Mr. Victor on May 30, 2018 from 2.40 to 1.00 hours; the entry for Mr. Victor on June 6, 2018 from 1.60 to 1.50 hours; the entry for Mr. Taylor on June 7, 2018 from .60 to .50 hours; the entry for Mr. Victor on June

7

7, 2018 from 6.60 to 5.00 hours; the entry for Mr. Victor on June 8, 2018 from .60 to .50 hours; the entry for Mr. Victor on June 10, 2018 from 1.00 to .50 hours; the entry for Mr. Taylor on June 14, 2018 from 2.20 to 1.50 hours; the entry for Mr. Victor on June 18, 18 from 4.70 to 4.50 hours; and we reduce the entry for Mr. Victor on June 19, 2018 from 3.10 to 3.00 hours.

Finally, there are several billed tasks that we have eliminated entirely. First, all hours billed after June 19, 2018 – the date of the Motion, post-date the Motion to Enforce and thus cannot be attributed to the preparation for which fees are sought. Second and discussed above, the time spent by Mr. Walsh on June 6, 2018 and June 10, 2018 is excluded from consideration because the task on June 6, 2018 was repetitive in nature and the task on June 10, 2018 was taken in furtherance of protecting Morgan from sanctions – not preparing the Motion.

### IV. CONCLUSION

Therefore, after making the appropriate changes, Mr. Taylor's total billable hours are 5.3 hours at $350.00 per hour, or $1,855.00, and Mr. Victor's are 23.8 hours at $450.00 each hour, or $10,710.00. Accordingly, we award $12,565.00 in fees. As discussed above, we also award $278.00 in costs. An appropriate order follows.

BY THE COURT:

*[signature]*
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

ENT'D FEB - 7 2019